# UNITED STATES COURT OF FEDERAL CLAIMS

## BID PROTEST

| | |
|---|---|
| LOCKHEED MARTIN CORPORATION, ) | |
| Plaintiff, ) | |
| v. ) | |
| THE UNITED STATES, ) | No. 1:15-cv-01536 |
| Defendant. ) | Judge Lettow |

## OSHKOSH DEFENSE, LLC'S UNOPPOSED MOTION TO INTERVENE

Pursuant to Rule 24(a) of the Rules of the United States Court of Federal Claims ("RCFC"), Oshkosh Defense, LLC ("Oshkosh"), respectfully moves this Court to join in this action as a Defendant-Intervenor. Oshkosh is the awardee under the Solicitation at issue in this bid protest, Request for Proposals No. W56HVZ-14-R-0039 and the resulting contract, W56HVZ-15-C-0095. Oshkosh has a substantial interest in the subject of this litigation, and the resolution of the action may impair or impede Oshkosh's ability to protect its interest. Oshkosh has contacted counsel for Lockheed Martin Corporation, ("Plaintiff"), and Defendant United States. Both parties stated that they do not oppose this motion.

Under RCFC 24(a), an applicant has a right to intervene upon making a timely motion where the applicant shows that it has "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." RCFC 24(a); *see also Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407, 413 (2006). "The United States Court of Appeals for the Federal Circuit

has advised that 'the requirements for intervention are to be construed in favor of intervention.'" *Bannum, Inc. v. United States*, 96 Fed. Cl. 364, 378 (2010) (quoting *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989)).

Oshkosh, as the successful awardee, has a direct and immediate interest in the litigation as its economic well-being will likely be affected by the Court's resolution of this bid protest. *See Emerald Coast Finest Produce Co., Inc. v. United States*, 74 Fed. Cl. 679, 680-81 (2006) (granting a contract awardee's motion to intervene where it alleged that as the awardee its economic well being would be affected by the case). Were the Court to award the relief sought by Plaintiff, Oshkosh would be denied the opportunity to perform and receive profits on the awarded contract, and, importantly, Oshkosh would have no legal recourse to recover those profits.

Oshkosh's interest is similar to but not identical to the interests of the Government. Courts recognize that "where the intervenor's interest is similar but not identical to that of an existing party, the applicant 'ordinarily should be allowed to intervene unless it is clear that the party will provide adequate representation for the absentee.'" *United States v. Am. Tel. & Tel.*, 642 F.2d 1285, 1293 (D.C. Cir. 1980) (citation omitted). Oshkosh's interest is not adequately represented by the Government. The Government may present arguments and propose relief that is at odds with Oshkosh's interests. This is especially true where such relief may include reopening of the procurement, and the interpretation of the Solicitation in a manner that may benefit one party over another during a re-evaluation.

Turning to the issue of timeliness, Oshkosh's motion is timely because it was filed within one day of Plaintiff's December 16, 2015 Complaint. To assess whether a motion to intervene is timely, this Court looks to three factors: (1) the length of time that the applicant knew or should of known of it rights; (2) whether the prejudice to other parties resulting from intervention outweighs the prejudice to the applicant of denying intervention; and (3) the existence of any unusual circumstances. *M.E.S., Inc. v. United States*, 99 Fed. Cl. 239, 242 (2011) (citing *Belton Indus., Inc. v. United States*, 6 F.3d 756, 762 (Fed. Cir. 1993)).

Here, Oshkosh's motion to intervene was filed on the same day that Oshkosh first learned that the Complaint had been filed, and within one day of December 16, 2015, the date on which the Complaint was filed.  Moreover, the existing parties will suffer no prejudice were the Court to grant Oshkosh's motion to intervene because, according to the Court's docket, a briefing schedule has not been set and Defendant has not yet filed the administrative record.  As such, Oshkosh's intervention will have no material impact on the existing parties or the Court's schedule.  In contrast, Oshkosh would be substantially prejudiced were it denied the opportunity to defend its contract award.  Thus, the second factor also weighs in favor of granting Oshkosh's motion to intervene.  For these reasons, Oshkosh's motion to intervene is timely.

Wherefore, Oshkosh respectfully requests the Court enter an order granting Oshkosh's unopposed motion to intervene in this bid protest.

Dated:  December 17, 2015

Respectfully submitted,

By:   /s/ Scott Arnold
Scott Arnold
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403
(202) 420-4736 (Telephone)
(202) 420-2201 (Facsimile)
ArnoldS@dicksteinshapiro.com
*Counsel of Record for Oshkosh Defense, LLC*

Of Counsel:
Harvey G. Sherzer
Justin A. Chiarodo
Stephanie M. Zechmann
Christian N. Curran
DICKSTEIN SHAPIRO LLP

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument was served by ECF on the 17th day of December 2015 to the following:

| | |
|---|---|
| Marcia Madsen, Esq.<br>MAYER BROWN LLP<br>1999 K Street, N.W.<br>Washington, D.C. 20006-1101<br>*Counsel of Record for Plaintiff*<br>*Lockheed Martin Corporation* | William P. Rayel, Esq.<br>Senior Trial Counsel<br>Commercial Litigation Branch, Civil Division<br>U.S. DEPARTMENT OF JUSTICE<br>Post Office Box 480<br>Ben Franklin Station<br>Washington, DC 20044<br>*Counsel for the United States of America* |

                                                  /s/ Scott Arnold
                                                  Scott Arnold